IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-77-D
No. 7:12-CV-170-D

| | | |
|---|---|---|
| MARCELLUS JAMES FENNELL, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 20, 2012, Marcellus James Fennell, Jr. ("Fennell") filed a motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 54]. Fennell relies (in part) on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). On July 10, 2012, the government moved to dismiss the motion [D.E. 57]. As explained below, the court grants the government's motion to dismiss.

On July 30, 2008, a federal grand jury in the Eastern District of North Carolina indicted Fennell and charged him with (1) conspiracy to possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a), 846 (count 1); (2) knowingly and intentionally distributing more than 5 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (counts 2, 3, and 4); and (3) knowingly and intentionally distributing more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count 5) [D.E. 1]. On December 16, 2008, pursuant to a plea agreement [D.E. 27], Fennell pleaded guilty to count one, conspiracy to possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 846 [D.E. 26–27, 44].

On May 6, 2009, the court held a sentencing hearing and calculated Fennell's advisory guideline range to be 360 months to life. See [D.E. 45] 38. The court granted the government's

motion under U.S.S.G. § 5K1.1, [D.E. 45] 39–40, and sentenced Fennell to 300 months' imprisonment [D.E. 36–37].

Fennell's judgment was entered on May 6, 2009 [D.E. 37]. Fennell filed his appeal on May 15, 2009 [D.E. 38]. The government moved to dismiss the appeal and cited the appellate waiver in Fennell's plea agreement. See United States v. Fennell, No. 09-4457, [D.E. 21] (4th Cir. Sept. 10, 2009). On November 3, 2009, the United States Court of Appeals for the Fourth Circuit dismissed the appeal [D.E. 48–49]. The mandate issued on November 25, 2009 [D.E. 50]. Fennell did not seek a writ of certiorari. His conviction became final on February 1, 2010. See S. Ct. R. 13; Clay v. United States, 537 U.S. 522, 527–28, 532 (2003).

Fennell's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1) (noting one-year statute of limitations which runs from "the date on which the judgment of conviction becomes final"). Likewise, the motion is untimely under 28 U.S.C. § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012). Furthermore, the motion is untimely under 28 U.S.C. § 2255(f)(4). See United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005).

Nothing in the record suggests that equitable tolling should apply. Cf. Holland v. Florida, 130 S. Ct. 2549, 2562–64 (2010); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). Moreover, even though Fennell now argues that this court erred under Simmons in finding that he was a career offender (PSR ¶ 63), the alleged error in calculating Fennell's advisory guideline range is not prejudicial or a miscarriage of justice. Simply put, the

2

alleged error cannot surmount section 2255's procedural bar where (as here) Fennell received a sentence less than the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Accordingly, the court dismisses Fennell's untimely section 2255 motion.

Alternatively, the government asks the court to enforce the appellate waiver in Fennell's plea agreement and dismiss his section 2255 motion. See [D.E. 58] 11–12. In his plea agreement, Fennell agreed:

> [t]o waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[D.E. 27] ¶ 2(c).

Before considering the effect of Fennell's appellate waiver, the court first ensures that the waiver was valid. To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Here, the record of Fennell's Rule 11 colloquy reflects that Fennell had discussed the entire agreement with his attorney, that Fennell understood each term in the agreement, and that he knowingly and intelligently entered into the agreement. See [D.E. 44] 16–31. The court specifically read aloud the entire appellate

3

waiver and confirmed that Fennell understood the appellate and other rights he was waiving. Id. 23–27. The court may rely on Fennell's sworn statements made during the Rule 11 colloquy to conclude that Fennell made the waiver knowingly and voluntarily. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Indeed, in dismissing Fennell's appeal, the Fourth Circuit already has upheld the validity of Fennell's waiver. See [D.E. 48–49]; cf. Fennell, No. 09-4457, [D.E. 21] (4th Cir. Sept. 10, 2009). Thus, Fennell's waiver was valid.

As for the scope of the waiver, Fennell waived his right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range." [D.E. 27] ¶ 2(c). Fennell only reserved his "right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing." Id. The appellate waiver applied to direct appeals of his sentence and to post-conviction proceedings pursuant to section 2255. Id.; see Lemaster, 403 F.3d at 220.

Fennell received a sentence of 300 months' imprisonment, which was below the advisory guideline range calculated at sentencing. In his section 2255 motion, Fennell makes three arguments. First, Fennell argues that under Simmons he is no longer a career offender and should be resentenced. [D.E. 54] 4. Second, he argues that the "new retroactive 'crack amendment'" to the Sentencing Guidelines should apply to his case, and he should be resentenced. Id. 5. Third, he argues that the Fair Sentencing Act of 2010 ("FSA") should prospectively apply to him if he is resentenced. Id. 7.

With respect to Simmons, Fennell's section 2255 motion attacks the establishment of the advisory guideline range and therefore falls within the appellate waiver in his plea agreement. See, e.g., [D.E. 27] ¶ 2(c); Thornsbury, 670 F.3d at 538–40; United States v. Cohen, 459 F.3d 490, 495–96 (4th Cir. 2006); Blick, 408 F.3d at 172–73. Fennell "cannot invalidate his appeal waiver

4

now to claim the benefit of subsequently issued case law." Copeland, 707 F.3d at 529. Thus, the court enforces the appellate waiver and dismisses Fennell's section 2255 motion.

Alternatively, as mentioned, Fennell's citation to Simmons and claim of error in calculating his advisory guideline range does not constitute prejudice or a miscarriage of justice sufficient to surmount the procedural bar of section 2255. The sentence imposed does not exceed the statutory maximum. See, e.g., 28 U.S.C. § 2255(a); Pregent, 190 F.3d at 283–84; Mikalajunas, 186 F.3d at 496.

As for Fennell's request in his section 2255 motion for relief under the new retroactive "crack amendment," Fennell apparently relies on Amendments 750 and 759 to the Guidelines. The U.S. Sentencing Commission promulgated Amendment 750 to implement the FSA. See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 750 (Nov. 2011) (effective Nov. 1, 2011). The three-part amendment (A, B & C) repromulgated as permanent the temporary emergency amendment in Amendment 748. See id. On June 30, 2011, the Commission promulgated Amendment 759, which added Parts A and C of Amendment 750 as amendments listed in U.S.S.G. § 1B1.10 (Reduction in Term of Imprisonment as a Result of an Amended Guideline Range) (Policy Statement). See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 759 (Nov. 2011) (effective Nov. 1, 2011). When applicable, Parts A and C of Amendment 750 apply retroactively. See id. Part A contained the changes to the crack cocaine quantity levels in the Drug Quantity Table in U.S.S.G. § 2D1.1. See Amend. 750. Part C deleted the cross reference in U.S.S.G. § 2D2.1 to the Drug Quantity Table to reflect the elimination of the statutory minimum for simple possession of crack cocaine. See id. The Commission made Amendments 750 and 759 effective on November 1, 2011.

By making his request for relief under Amendments 750 and 759 in his section 2255 motion,

5

Fennell waived his request for relief in his plea agreement. See Copeland, 707 F.3d at 529–30; United States v. Evans, 445 F. App'x 722, 723–24 (4th Cir. 2011) (per curiam) (unpublished); see also United States v. Brickhouse, No. 11-1698-cr, 2013 WL 1338346, at *1 (2d Cir. Apr. 4, 2013) (per curiam) (unpublished); United States v. Martinez, No. 11-4213-cr, 2013 WL 362979, at *1 (2d Cir. Jan. 31, 2013) (per curiam) (unpublished); United States v. Harrison, 699 F.3d 158, 159 (2d Cir. 2012) (per curiam), cert. denied, 133 S. Ct. 914 (2013); United States v. Gray, 451 F. App'x 432, 433–34 (5th Cir. 2011) (per curiam) (unpublished).

Alternatively, the request for relief under Amendments 750 and 759 fails for two independent reasons. First, Fennell's drug weight did not determine his advisory guideline range. Rather, his status as a career offender did. As such, he is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2). Thus, he gets no relief under Amendments 750 and 759. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010); United States v. Rogers, No. 12-4053, 2013 WL 518609, at *2 (3d Cir. Feb. 13, 2013) (per curiam) (unpublished); United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (per curiam); United States v. Quarles, 889 F. Supp. 2d 783, 787–88 (E.D. Va. 2012); see also United States v. Mateo, 560 F.3d 152, 154–55 (3d Cir. 2009); United States v. Anderson, 591 F.3d 789, 791 (5th Cir. 2009) (per curiam); United States v. Broadwater, 613 F. Supp. 2d 740, 742–45 (E.D.N.C. 2009). Moreover, even if the court now considers the statutory minimums and maximums in the FSA, Fennell's sentence complied with the new statutory limits within the FSA. Compare [D.E. 27] ¶ 3 (pleading guilty to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base), with FSA § 2, Pub. L. No. 111-220, 124 Stat. 2372, and United States v. Bullard, 645 F.3d 237, 246 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011); see also [D.E. 58] 13–21. Thus, there is no

prejudice or miscarriage of justice.

Second, even if Fennell could seek relief under Amendments 750 and 759, the court found at Fennell's sentencing that he was accountable for over 10 kilograms of crack cocaine. See PSR ¶ 57; [D.E. 45] 4–5, 37–38. Thus, Fennell is not entitled to relief under Amendments 750 and 759. See, e.g., United States v. Mann, 709 F.3d 301, 304–06 (4th Cir. 2013).

Finally, Fennell states in his section 2255 motion that if he is resentenced, he wants to be resentenced under the FSA. Fennell will not be resentenced; therefore, the request is moot. Moreover, Fennell was sentenced before August 3, 2010, which is the FSA's effective date. Accordingly, he cannot obtain the benefit of the FSA. See, e.g., Bullard, 645 F.3d at 248.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Fennell's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 57], DISMISSES Fennell's motion to vacate, set aside, or correct his sentence [D.E. 54]. The court also DENIES Fennell's pro se motions [D.E. 53, 59] to reduce his sentence under Federal Rule of Criminal Procedure 35(b). See United States v. Mobley, 473 F. App'x 325, 326 (4th Cir. 2012) (per curiam) (unpublished). The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 6 day of May 2013.

JAMES C. DEVER III
Chief United States District Judge